IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Neville Reid,

    Plaintiff,

v.

Capital Accounts, LLC,

    Defendant.

Civil Action File No.:

**COMPLAINT WITH
<u>JURY TRIAL DEMAND</u>**

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Neville Reid, is a natural person who resides in DeKalb County, Georgia.

2. Defendant, Capital Accounts, LLC, is a limited liability corporation formed under the laws of the State of Tennessee and can be served via its registered agent, Incorp Services, Inc., at 2000 Riveredge Parkway, Northwest, Suite 885, Atlanta, GA 30328.

1

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the Defendant maintains a Registered Agent in Fulton which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of dental treatment and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. The original creditor and holder of the debt is Oak Road Dentistry, of Snellville, Georgia.

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant markets itself as a collection agency, writing on its website:

"Capital Accounts specializes in the collection of overdue balances...Capital Accounts reports balances to all three national credit bureaus in order to assure your accounts are recovered." See, http://www.usecapital.com/. (Last visited December 10, 2019.)

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. On November 13, 2019, the Plaintiff obtained copies of his credit file as published by Equifax and Transunion, two major credit reporting agencies.

14. On each of these credit reports Plaintiff noted a tradeline reported by the Defendant referencing the ORD account in the amount of $685.00. Copies of the respective tradelines are reproduced below,

**CAPITAL ACCOUNTS LLC #20793\*\***
PO BOX 140065
NASHVILLE, TN 37214
(800) 282-3214



| | | | | | | |
|---|---|---|---|---|---|---|
| **Placed for collection:** | 02/14/2018 | **Balance:** | $682 | **Pay Status:** | >In Collection< |
| **Responsibility:** | Individual Account | **Date Updated:** | 11/01/2019 | | |
| **Account Type:** | Open Account | **Original Amount:** | $682 | | |
| **Loan Type:** | COLLECTION AGENCY/ATTORNEY | **Original Creditor:** | MEDICAL-OAK ROAD DENTISTRY (Medical/Health Care) | | |
| | | **Past Due:** | >$682< | | |

**Remarks:** ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<

---

**EQUIFAX**   NEVILLE REID | Nov 13, 2019   Page 49 of 57

Summary › Revolving › Mortgage › Installment › Other › Statements › Personal Info › Inquiries › **Public Records** › Collections

### Date Reported: Nov 01, 2019

| | | | |
|---|---|---|---|
| **Collection Agency** | CAPITAL ACCOUNTS LLC | **Balance Date** | Nov 01, 2019 |
| **Original Creditor Name** | OAK ROAD DENTISTRY | **Account Designator Code** | INDIVIDUAL_ACCOUNT |
| **Date Assigned** | Feb 14, 2018 | **Account Number** | xxxxx 25 |
| **Original Amount Owed** | $682 | **Creditor Classification** | Medical or Health Care |
| **Amount** | $682 | **Last Payment Date** | |
| **Status Date** | Nov 01, 2019 | **Date of First Delinquency** | Jan 10, 2017 |
| **Status** | UNPAID | | |

**Comments**

Consumer disputes this account information
Medical

**Contact**

CAPITAL ACCOUNTS LLC
1642 WESTGATE CIRCLE
SUITE 204
BRENTWOOD, TN  37027
1-866-854-5359

15. Each of the tradelines above as reported by the Defendant show the original balance owed as of February 14, 2018 to be $682.00. Each tradeline shows the balance unchanged as of November 1, 2019.

16. The Plaintiff did not believe the balance as reported by Defendant to be correct and on November 22nd, 2019, he initiated a telephone call to Defendant to obtain more information.

17. During the course of that telephone call, the Defendant advised that it was indeed collecting on behalf of Oak Road Dentistry, that the amount originally owed was $682.00 and that it had been placed with the Defendant since February 2018.

18. The Plaintiff made a number of additional inquires including asking about additional fees that were subject to be added to the account, possible payment plans.

19. The Plaintiff advised the Defendant that he could not make a payment for four weeks.  The Defendant proceeded to work through the calendar with the Plaintiff to determine when those payments might begin.

20. In addition, Plaintiff specifically advised the Defendant that he was unable to receive any calls related to this matter between 8:30 and 5:00 p.m. as those were his work-hours and that such calls would jeopardize his job.  The Defendant acknowledged that schedule.

21. Notwithstanding this information, the Plaintiff received a collection call from the Defendant on December 2nd at 5:28 p.m. and another on December 5th at 4:35 p.m.

22. Filed herewith as Exhibit 1 are documents received from Oak Road Dentistry consisting of the patient treatment agreement executed by the Plaintiff on December 14, 2016 and the Plaintiff's billing ledger spanning from December 18, 2016 through June 11, 2018.

23. These documents demonstrate that the patient agreement executed by the Plaintiff contains no provision to the addition of interest or fees to any account in arrears and, further, that the balance of Plaintiff's account as June 11, 2018 was $572.00.

## **INJURIES-IN-FACT**

24. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

25. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which

creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

26. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." McCamis, at 4, citing Church, at 3.

27. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

28. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

c.) Anxiety and worry caused by concern that they are being called upon to pay an improper claim

# CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et. seq.

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

*Violations of 15 U.SC. § 1692c and subparts*

31. The Defendant was specifically advised that calling the Plaintiff between the hours of 8:30 a.m. and 5:00 p.m. would jeopardize his employment. The Defendant acknowledged the Plaintiff's situation leading Plaintiff to believe Defendant would respect that restriction.

32. Defendant was prohibited from communicating with Plaintiff in connection with the collection of the debt while Plaintiff was at his place of employment as Defendant had direct and actual knowledge that the consumer's employer prohibits the consumer from receiving such communication.

33. Plaintiff received a collection call from the Defendant on December 5th at 4:35 p.m. while at work.

34. The Defendant's call of December 5th was a violation of 15 U.S.C. § 1692(a)(3).

*Violations of 15 U.SC. § 1692d*

35. As of November 22nd, 2019, the Defendant had actual knowledge that Plaintiff would not be able to make a payment for four weeks.

36. Defendant updated its system so that any party reviewing Plaintiff's account would have that information. But on December 2nd, 2019 – three weeks before its system indicated Plaintiff would make his first payment -- Defendant called to secure collection.

37. Given the information the Defendant had, its real purpose in calling three weeks early was to annoy and harass the Plaintiff and thus violating 15 U.S.C. § 1692d.

### *Violations of 15 U.SC. § 1692e and its subparts*

38. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

39. The use of "or" in 15 U.S.C. § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

40. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt

collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

41.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

42.     A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

43.     Per the records of the holder of the debt, the balance of Plaintiff's account was $572.00 on June 11, 2019. Exh. 1, pg. 3

44.     When it reported the balance owed to the credit bureaus as recently as November 1, 2019, Defendant represented to the bureaus, their subscribers and the Plaintiff that the original balance was $682.00.

45.     In addition, the Defendant represented to the Plaintiff in response to Plaintiff's questions regarding the balance owed and fees that because the account was in collections, interest was accruing. Yet the balance, per Defendant's credit

reporting, hasn't changed in almost two years and the patient agreement signed by Plaintiff does not provide for interest or fees.

46. Defendant's credit reporting suggests that when it received the account for collection, it added an unlawful fee of approximately $110.00.

47. Defendant's objectively false and materially misleading statements violate 15 U.S.C. § 1692e, e(2)(A), e(8), and e(10).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, et seq.

48. Plaintiff incorporates by reference paragraphs 1 through 47 as though fully stated herein.

49. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

50. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

51. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

52. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

53. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

54. Defendant's conduct has implications for the consuming public in general.

55. Defendant's conduct negatively impacts the consumer marketplace.

56. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

57. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

58. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

59. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

60. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

61. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k and O.C.G.A. § 10-1-399(d);

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c); and

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 12th day of December 2019.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333

*Plaintiff's Attorney*